RECEIVED
USDC CLERK, CHARLESTON, SC
2007 MAR -2  A 11: 03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John D. Leatherwood, #271224, ) | C. A. No. 2:06-2188-RBH-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Tim Riley, Warden of Tyger River Correctional Institution; and Attorney General of the State of South Carolina, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on September 27, 2006.  28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, John D. Leatherwood, is presently confined to the Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections, pursuant to orders of commitment from the Clerk of Court for Orangeburg County. At the November 16, 2000, term of the Court of General Sessions, the Orangeburg County Grand Jury indicted Petitioner for armed robbery (00-GS-38-1885); pointing and presenting of a firearm (00-GS-38-1883); and possession of a firearm during the commission of a violent crime (00-GS-38-1884). The charges stem

from a September 7, 2000, armed robbery of an Orangeburg motel.

Petitioner was represented by Margaret Hinds, Esquire, and on December 5, 2000, Petitioner appeared before the Honorable Dianne S. Goodstein and pled guilty as charged.  Judge Goodstein sentenced Petitioner to fifteen (15) years imprisonment for armed robbery; five (5) years imprisonment, concurrent, for pointing and presenting; and five (5) years, concurrent, for possession of a firearm during commission of a violent crime.  Petitioner did not appeal his conviction or sentences.

Petitioner next filed a *pro se* Application for Post-Conviction Relief ("APCR") on October 16, 2001 (01-CP-38-1234). (App. pp. 27-35).  The State filed a Return on March 6, 2002. (App. pp. 36-40).  In his APCR, Petitioner raised the following allegation:

> I.   "Not allowed access to telephone or law library in the 10 day limit at Kirkland R&E Prison intake. No reason to believe that I wouldn't be transferred to NC prison at this point. Not until 7-30-01."

An evidentiary hearing in Petitioner's APCR was held before the Honorable Rodney A. Peeples on July 31, 2003.  Petitioner was present and represented by Jeffrey S. Holcombe, Esquire. Petitioner testified on his own behalf and the also presented the testimony of trial attorney Hinds.  On April 20, 2004, Judge Peeples issued a written Order of Dismissal in which he rejected Petitioner's claim for relief. (App. pp. 77-82).

A timely notice of appeal was filed with the South Carolina Supreme Court from the Order of Dismissal in the PCR action. On PCR appeal, Petitioner was represented by Aileen P. Clare, Esquire, of the South Carolina Office of Appellate Defense. On September 10, 2004, Clare filed a <u>Johnson</u> Petition for Writ of Certiorari and a Petition to be Relieved as Counsel, in which she raised the following issue on behalf of Petitioner:

> Was trial counsel ineffective, and were petitioner's guilty pleas invalid, when he entered the plea based on counsel's false assurances that his custody would be transferred to North Carolina?

Additionally, Petitioner filed a <u>pro se</u> brief," and presented the following issues:

> 1. Ineffective assistance for failing to advise petitioner of the consequences of his plea?
>
> 2. Ineffective assistance for conducting in chambers negotiations and failing to advise petitioner of the agreements value?

The South Carolina Supreme Court issued an Order dated September 7, 2005, in which it denied the petition for writ of certiorari and granted counsel's request to withdraw from further representation. The Remittitur was sent down on September 23, 2005. This action followed on August 2, 2006.

The following documents have been made a part of the record here:

(1) Appendix;
(2) <u>Johnson</u> "Petition for Writ of Certiorari, dated September 10, 2004;

3

(3) Pro Se Brief, dated October 21, 2004;
(4) Order, dated September 7th, 2005;
(5) Remittitur, dated September 23, 2005.

## GROUNDS FOR RELIEF

Petitioner raises the following allegations in his Petition for Writ of Habeas Corpus under 28 U.S.C. §2254:

> **Ground One:** "Trial Counsel was ineffective and guilty pleas invalid when entered on false assurances that his custody would be transferred to N.C. prison."
>
> "Petitioner agreed to plead guilty only after counsel assured him he would be returned to N.C. and be allowed to serve his sentences concurrently. And the only way to effectuate sentence would be to have Petitioner transferred to N.C. Prison."
>
> **Ground Two:** "Trial Counsel was ineffective for failing to advise Petitioner of the full consequences of his guilty plea."
>
> "Trial Counsel failed to advise Petitioner that a mandatory term of Community Supervision was attached to his term of incarceration, which included a waiver of jury trial upon imposition of violation sentence, and which could last for up to 15 years."
>
> **Ground Three:** "Trial Counsel was ineffective for conducting in chambers plea negotiations and failing to advise Petitioner of the agreements value."
>
> "During post-conviction hearing trial counsel Margaret Hinds admitted to conducting private in chambers plea negotiations with the trial Judge, and that prior to advising petitioner to accept the offered plea, she did not research the requirements of the Interstate Compact [Petitioner relied on the agreement that he would be transferred to North Carolina and that his S.C. would be served concurrently in that State]."

The petitioner was provided a copy of the respondents' summary judgment motion on September 27, 2006, and was given an

4

explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). After two extensions of time, the petitioner responded to the motion on January 16, 2007. Hence it appears consideration of the motion is appropriate.

## DISCUSSION

Dispositive of this entire habeas corpus petition is the fact that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). 28 U.S.C. § 2244(2).

Here, the petitioner's conviction became final ten (10) days after his December 5, 2000, guilty plea and sentence, i.e., on December 15, 2000. He did not appeal and he waited three hundred five (305) days until October 16, 2001, to file his PCR. Following the conclusion of his PCR on September 23, 2005, he waited another two hundred seventy eight (278) days to bring this action here. In all, he has five hundred eighty three (583) days of untolled time-well beyond the one year statute of limitations set forth in the AEDPA, 28 U.S.C. § 2244(d)(1). As a result, this petition simply comes too late.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the petition be dismissed as untimely.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 2, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7